IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCIN (MARTY) TRYBA, on behalf of plaintiff and the class members defined below, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| NATIONAL CREDIT SOLUTIONS, L.L.C., | |
| Defendant. | |

11 CV 602

Judge Blanche M. Manning

Magistrate Judge Maria Valdez

## JOINT INITIAL STATUS REPORT

The parties, pursuant to Fed.R.Civ.P. 26(f) and this Court's order, met by telephone and conferred on April 13, 2011, with Cassandra P. Miller, counsel for plaintiff, and Jennifer Weller, counsel for defendants National Credit Solutions, LLC, participating in the conference. Pursuant to that meeting, the parties hereby present the following initial status report:

1.  **Summary of the Claims:** Plaintiff alleges that defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"). The conduct at issue in this case arises out of consumer transactions with Illinois video rental outlets that formerly did business under the names of Hollywood Video, Game Crazy and Movie ("Hollywood Video") which filed for bankruptcy on February 2, 2010 and close all of its stores prior to September 1, 2010. Plaintiff alleges that, after Hollywood Video went out of business, defendant National Credit Solutions, L.L.C. dunned plaintiff and numerous other consumers for purported debts allegedly owed to Hollywood Video., Plaintiff alleges that the claimed debts are

1

bogus and may include unauthorized charges. Plaintiff claims that it is both a deceptive practice and an unfair practice in violation of the FDCPA, 15 U.S.C. §§1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, and 1692f(1), and the ICFA, 815 ILCS 505/2, to dun plaintiff and other consumers for bogus Hollywood Video debts which may include unauthorized charges, and late fees and similar charges attributable to such debts, and reporting such debts to credit bureaus..

    2.    **Relief Sought:** Plaintiff is seeking, for himself and a putative class of similarly situated persons, actual damages of any amounts paid in response to Defendant's collection letters, appropriate statutory damages under 15 U.S.C. § 1692k, as well as attorney's fees, litigation expenses, costs of suit and any other relief that the Court finds proper.

    3.    **Matters Referred:** This matter has been referred to Magistrate Judge Maria Valdez for discovery supervision and settlement conferences.

    4.    **Briefing on Matters Referred:** No briefing has occurred in the case thus far.

    5.    **Discovery Completed and Expected:** To date, the parties have not conducted any discovery, as the parties had not conducted their Rule 26(f) conference. The parties intend to initiate discovery promptly. The parties anticipate that discovery will be necessary on the following subject matters:

        a.    Discovery into the underlying accounts and any claimed fees incurred;

        b.    Whether defendant sought to collect bogus debts

      c.      Whether defendant violated the FDCPA by attempting to collect bogus debts;

      d.      Whether defendant thereby also violated the ICFA; and

      e.      Whether this case is appropriate for class certification;

      f.      The number and identity of class members.

      g.      Whether defendant employed any practices or procedures to avoid the alleged violations;

6.    **Trial before the Magistrate:** At this time the parties do not unanimously consent to a trial before the Magistrate.

7.    **Proposed Discovery Schedule:** No deadlines have been set by the district judge. The parties have agreed on the following proposed schedule and request that the Court approve of same, as follows:

    A.    Initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) shall be exchanged by May 19, 2011

    B.    Amendments to pleadings, and the joinder of additional parties, may be sought by an appropriate motion filed on or before July 19, 2011.

    C.    Fact discovery shall close on February 16, 2012

    D.    Plaintiff shall disclose his trial expert, pursuant to Fed.R.Civ.P. 26(a)(2), on or before March 16, 2012.

    E.    Defendant shall disclose its trial expert, pursuant to Fed.R.Civ.P. 26(a)(2), on or before April 16, 2012.

    F.    Dispositive motions shall be filed on or before May 16, 2012.

4

8. **Settlement Discussions:** There have been no substantive discussions of settlement of this matter.  Information related to the size of the class, whether any insurance coverage exists for the claims alleged, and specific information related to the Defendant's net worth would be necessary in order for Plaintiff to have meaningful settlement discussions.

         Respectfully submitted,

| | |
|---|---|
| s/Cassandra P. Miller | s/ Jennifer W. Weller |
| Daniel A. Edelman | David M. Schultz |
| Cathleen M. Combs | Jennifer W. Weller |
| James O. Latturner | Hinshaw & Culbertson, LLP |
| Cassandra P. Miller | 222 North LaSalle Street |
| EDELMAN, COMBS, LATTURNER | Suite 300 |
| & GOODWIN | Chicago, IL  60601-1081 |
| 120 South LaSalle Street, 18th Floor | |
| Chicago IL 60603 | |
| (312) 739-4200 | |
| (312) 419-0379 (fax) | |

## **CERTIFICATE OF SERVICE**

      I, Cassandra P. Miller, hereby certify that on April 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David M. Schultz (dschultz@hinshawlaw.com)
Jennifer W. Weller (jweller@hinshawlaw.com)
Hinshaw & Culbertson, LLP
222 North LaSalle Street
Suite 300
Chicago, IL  60601-1081


                                                                             s/Cassandra P. Miller
                                                                             Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)